UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  2:18-CV-14160-ROSENBERG/Maynard

WAYNE LEDERER,

     Plaintiff,

  vs.

AVOTEC, INC.,

     Defendant.

---

## PLAINTIFF'S MOTION TO DISMISS AVOTEC'S INEQUITABLE CONDUCT COUNTERCLAIMS AND TO STRIKE AVOTEC'S INEQUITABLE CONDUCT AFFIRMATIVE DEFENSE

William R. Trueba, Jr.
Florida Bar No.  117544
wtrueba@lex188.com
Roberto M. Suarez
Florida Bar No. 95762
rsuarez@lex188.com
Trueba & Suárez, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826

Edmond R. Bannon (*admitted pro hac vice*)
bannon@fr.com
Fish & Richardson P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

*Attorneys for Plaintiff*
*Wayne Lederer*

Dated: July 16, 2018

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION ........................................................................................1

II.  STATEMENT OF FACTS ........................................................................3

    A.  Procedural History ........................................................................3

    B.  Mr. Lederer's Invention and the Patent Office ............................4

    C.  Avotec's Inequitable Conduct Allegations ...................................6

III.  LEGAL STANDARDS ............................................................................8

    A.  The Standard For Dismissal Under Rule 12(b)(6). .......................8

    B.  Inequitable Conduct Must be Pled With Particularity. ...............10

        1.  Inequitable Conduct Prong 1: "But-for" Materiality Must be Pled With Particularity Under Rule 9(b)..................................................11

        2.  Inequitable Conduct Prong 2: Specific Intent Must be Supported by Sufficient Allegations of Underlying Facts .............................13

IV.  ARGUMENT ..........................................................................................14

    A.  The Court Should Dismiss Avotec's Inequitable Conduct Allegations.....14

        1.  The E-A-RLink Prior Art................................................15

        2.  The '487 Patent, '679 Patent and Silent Scan System ..................18

    B.  The Court Should Strike Avotec's Third Affirmative Defense That The Patent-In-Suit Is Unenforceable For Inequitable Conduct........................19

V.  CONCLUSION .......................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AAMP of Fla., Inc. v. Automotive Data Sols., Inc.*,
  8:13-CV-2019-T-35TGW, 2014 WL 12620847 (M.D. Fla. Aug. 26,
  2014) ..................................................................................................10, 11, 17, 19

*Ashcroft v Iqbal*,
  556 U.S. 662 (2009)...............................................................................................7, 8

*Bedwell v. Braztech Intl., L.C.*,
  No. 17-22335-CIV, 2017 WL 4810599 (S.D. Fla. Oct. 25, 2017) ..............................8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2009)...............................................................................................7, 8

*Burlington Indus., Inc. v. Dayco Corp.*,
  849 F. 2d 1418 (Fed. Cir. 1988)..................................................................................2

*Cano v. South Florida Donuts, Inc.*,
  No. 09-81248-CIV, 2010 WL 326052 (S.D. Fla. Jan. 21, 2010)........................10, 19

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
  575 F. 3d 1312 (Fed. Cir. 2009)........................................................................*passim*

*Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003)...................................................................................9

*Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*,
  3:10-CV-891-J-37JBT, 2011 WL 4862498 (M.D. Fla. Sept. 12, 2011)....12, 13, 17, 19

*Litton Sys. Inc. v. Honeywell, Inc.*,
  87 F.3d 1559 (Fed. Cir. 1996), *vacated on other grounds*, *Honeywell,
  Inc. v. Litton Sys., Inc.*, 520 U.S. 1111 (1997)......................................................13, 16

*Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*,
  No. 04-60861-CIV, 2005 WL 975773 (S.D. Fla. March 4, 2005)........................10, 19

*Mitsubishi Heavy Industries, Ltd. v. Gen. Elec. Co.*,
  6:10-CV-812-ORL-28, 2012 WL 831525 (M.D. Fla. Mar. 12, 2012) ...........11, 17, 19

*Molins PLC v. Textron, Inc.,*
    48 F. 3d 1172 (Fed. Cir. 1995) ..................................................................................16

*ParkerVision, Inc. v. Qualcomm Inc.,*
    924 F. Supp. 2d 1314 (M.D. Fla. 2013) ...................................................10, 12, 17, 19

*Peterson v. Atlanta Hous. Auth.,*
    998 F.2d 904 (11th Cir. 1993) ..................................................................................9

*Quality Foods de Centro America, S.A. v. Latin American Agribusiness*
    *Development Corp., S.A., et al.,*
    711 F.2d 989 (11th Cir. 1983) ..............................................................................8, 9

*Resnick v. AvMed, Inc.,*
    693 F.3d 1317 (11th Cir. 2012) ................................................................................8

*South Fla. Water Mgmt. Dist. v. Montalvo,*
    84 F.3d 402 (11th Cir. 1996) ....................................................................................8

*T.C. Heartland, LLC v. Kraft Foods Brands LLC,*
    137 S. Ct. 1514 (2017) ..............................................................................................3

*Therasense, Inc. v. Becton, Dickinson & Co.,*
    649 F. 3d 1276 (Fed Cir 2011) *(en banc)* ............................................................2, 11

*U. of Fla. Research Found., Inc. v. Motorola Mobility, LLC,*
    13-CV-61120-KMM, 2013 WL 12043501 (S.D. Fla. Dec. 11, 2013) .................14, 19

*Young v. Lumenis, Inc.,*
    492 F.3d 1336 (Fed. Cir. 2007) ........................................................................12, 16

## Other Authorities

Federal Rule of Civil Procedure 9 ...................................................................1, 10, 11, 13

Federal Rule of Civil Procedure 12(b)(6) ...................................................................1, 8, 9

Federal Rule 12(f) .............................................................................................................7, 9

Pursuant to Rules 9 and 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Wayne Lederer ("Mr. Lederer") hereby moves to dismiss Count III (Declaration of Unenforceability) of the Counterclaims alleged by Defendant Avotec, Inc. ("Avotec"). Mr. Lederer further moves to strike Avotec's Third Affirmative Defense which also alleges inequitable conduct based on the same allegations appearing in Count III. Counsel for Plaintiff certify that they have read and considered paragraph 13 of the Court's June 12, 2018 Order [D.E. 59] and have considered the case law cited therein.

## I.   INTRODUCTION

Avotec's claims for inequitable conduct should be dismissed.  Avotec vaguely alleges, as it did in its Amended Answer and Counterclaims filed over two years ago, that Counterclaim Defendant engaged in material misconduct by failing to disclose two patents and Avotec's Silent Scan system to the PTO.  Avotec has not been able to muster even one additional fact to support these vague claims despite completing written and document discovery in this case.  In its most recent pleading, Defendant's Answer to the Amended Complaint and Counterclaims [D.E. 62] ("Amended Counterclaims"), Avotec adds a new claim for inequitable conduct, i.e., that Counterclaim Defendant and an unidentified "representative" did not disclose some unidentified functional properties related to an E-A-RLink instruction manual that was actually analyzed by the PTO Examiner in the recently concluded reexamination proceeding.  Since the Examiner had and used this reference, there can be no inequitable conduct.  This is the very type of litigation conduct that has led the Federal Circuit to describe inequitable conduct

allegations as an "absolute plague" on the patent system. *Burlington Indus., Inc. v. Dayco Corp.,* 849 F. 2d 1418, 1422 (Fed. Cir. 1988).

To combat this "plague," the Federal Circuit has required a very high level of detail that must be capable of satisfying an equally high standard of proof. These requirements are set forth in *Exergen Corp. v. Wal-Mart Stores, Inc.,* 575 F. 3d 1312, 1325-31 (Fed. Cir. 2009); *see also, Therasense, Inc. v. Becton, Dickinson & Co.,* 649 F. 3d 1276 (Fed Cir 2011) (*en banc).* To state a claim for inequitable conduct, Avotec's pleading must show that it is plausible that a specific, identified individual withheld information from the Patent Office that was either "but-for" material (i.e., would have caused the Patent Office not to issue a patent) or made an "unmistakably false" statement to the Patent Office. This showing must be specific and tied to particular claims of the patent, setting forth who, what, where, when and how information was material and would have led the Patent Office to reject the claims of the patent. In addition, there must be a plausible claim that a specific individual (1) knew of the alleged withholding or misrepresentation, (2) knew it was material, and (3) made a deliberate decision to withhold the information or make the false statement. In other words, the pleading requires specific facts, not the conclusory allegations that Avotec alleged.

Avotec's pleading not only fails to establish that any of these elements are plausible; it fails to even identify numerous required elements of an inequitable conduct claim. Accordingly, Plaintiff requests that the Court dismiss these claims.

2

## II.     STATEMENT OF FACTS

### A.     Procedural History

This patent infringement action was commenced in the Eastern District of New York on February 26, 2016 by Mr. Lederer, the named inventor and owner of the patent-in-suit, against Defendant Avotec.  [D.E. 1].  A scheduling order was entered on May 3, 2016 wherein the parties were ordered to serve requests for production of documents and interrogatories by June 7, 2016, and to respond to these discovery requests by July 21, 2016.  [D.E. 22].  The Parties completed written and document discovery by September 30, 2016.  [D.E. 32, 33].

On September 13, 2016, Defendant filed a letter motion requesting to stay this action pending an *ex parte* request for reexamination filed by Avotec.  [D.E. 28].  The Court denied that motion because the initial reexamination request was rejected by the Patent Office.  [D.E. 32].  Avotec refiled an amended reexamination request on or around September 15, 2016.  *Id.*  Avotec then refiled its motion to stay the action on November 4, 2016 after the Patent Office granted its petition to reexamine the '595 Reissue Patent. [D.E. 34].  Avotec's motion to stay was granted on August 15, 2017.  [D.E. 41].

On April 30, 2018, following the Supreme Court's decision in *T.C. Heartland, LLC v. Kraft Foods Brands LLC,* 137 S. Ct. 1514 (2017)*,* Judge Matsumoto transferred the case to this Court.  [D.E. 44].  On May 21, 2018, the Parties filed their Joint Scheduling Conference Report and Proposed Scheduling Order in this Court. [D.E. 53 and 53-1].  In that Report, Avotec advised the Court that it wished to re-open written discovery because of some unidentified "new issues of inequitable conduct" that arose

3

during the reexamination proceeding.  [D.E. 53 at 2].  Plaintiff objected on the grounds

that written discovery had closed and Defendant's "new" accusations of inequitable

conduct were baseless.  [D.E. 53-1 at 2].  At the scheduling conference on June 4, 2018,

the Court determined that Defendant's new allegations were too speculative. The Court

decided that the Parties should meet and confer on July 23, 2018 after the amended

pleadings are filed and report to the Court by July 26, 2018 whether there is a need for

any additional interrogatories.  [D.E. 58-1 at p. 2].  Since Defendant's new allegations of

inequitable conduct should be dismissed, there is no need for any further interrogatories.

### B.    Mr. Lederer's Invention and the Patent Office

Mr. Lederer is an independent inventor and entrepreneur.  [D.E. 61, ¶11].  He

began developing the patented technology by 2003.  *Id*.  Mr. Lederer filed several

provisional patent applications on his technology in 2003, as well as a utility application

that led to United States Patent No. 7,292,704.  [*See* D.E. 61, Ex. A].  On September 7,

2007, Mr. Lederer filed a divisional application, US Patent Application No. 11/ 851,860,

which issued on October 27, 2009 as US Patent No. 7,609,844 ("the '844 Patent").  The

'844 Patent has the same disclosure and is a direct predecessor of the patent-in-suit.  *Id.*

Mr. Lederer asserted the '844 patent in an infringement action in 2010 against

Newmatic Sound Systems, Inc. in the Eastern District of New York.  *See* Exhibit 1.  Like

the infringer in this case, Newmatic filed a petition for *ex parte* reexamination of the '844

patent and the case was stayed.  The '844 patent was reexamined by the PTO and was

reissued as RE 43,595E ("the '595 Reissue Patent") on August 21, 2012.  [*See* D.E. 61,

Ex. A]. Newmatic's owner subsequently agreed to stop infringing the '595 Reissue Patent and the case settled.

As discussed above in the Procedural History, after being sued for patent infringement, Avotec, like Newmatic, filed a petition for *ex parte* reexamination of the '595 Reissue Patent and moved to stay the case. After now determining for a third time that Mr. Lederer's inventions are patentable, the PTO issued Reexamination Certificate RE 43,595C1 ("the '595 Patent Reexam Certificate") on February 2, 2018. [*See Id.*, Ex. B]. The '595 Patent Reexam Certificate must be read together with the '595 Reissue Patent since the latter contains the specification, drawings and several of the dependent claims involved in this case. Therefore, the two together are referred to herein as "the '595 Patent" or "the patent-in-suit."

The '595 patent describes passive noise reduction headsets that can be used in the presence of magnetic fields such as in magnetic resonance imaging ("MRI") systems. [D.E. 61, Ex. A, Abstract; Col. 1, lines 24-26 and 37-39]. The patent describes various challenges faced by persons such as patients in an MRI environment:

> Magnetic resonance imaging systems (MRI) produce loud noises associated with the drive pulses applied to the gradient coils. As MRI technology has advanced and the gradient coils have become more powerful, the level of the sound produced has increased to a point where it may be necessary to provide sound pressure protection for people in the vicinity of the MRI system when the system is operating.

[*Id.,* Col 1, lines 25-32].

As explained by a Lead MRI Technologist at Kona Community Hospital with over 30 years of experience in MRI scanning, Mr. Lederer's technology has received significant praise from patients undergoing MRI scans. *See* Exhibit 2. It has also solved

many of the problems faced by MRI patients, including allowing patients to hear and understand voice communications from the technologist in spite of the loud noises produced by drive pulses being applied to gradient coils of the MRI system. *Id.* Mr. Lederer's competitors have also recognized the advantages of his technology, which led to the patent infringement lawsuits against Newmatic and Avotec.

### C.   Avotec's Inequitable Conduct Allegations

Count III of Avotec's Amended Counterclaims contains several of the same vague inequitable conduct allegations that appeared in Defendant's original Amended Answer and Counterclaims filed over two years ago.  [Compare D.E. 62, ¶¶ 26-35 and 40-41 with D.E. 16, ¶¶ 26-37].  Avotec has completed written and document discovery on these allegations and has been unable to provide any more specific facts in its Amended Counterclaims than what it alleged over two years ago.  *Id.*  The failure to support any of its conclusory allegations of inequitable conduct with facts speaks volumes about Defendant's bad faith in bringing these claims in the first place.  It also reflects on Avotec's new inequitable conduct allegations, set forth below, which are being used by Avotec to try to re-open written discovery and make this action as expensive as possible for Mr. Lederer.

In its July 2, 2018 Amended Counterclaims, Avotec adds the following four new paragraphs:

> 36.   Following Counterclaim Defendant's filing of this lawsuit, Avotec petitioned the Patent Office for Ex Parte Reexamination of the '595 Reissue. During the Reexamination the Patent Office determined that all claims of the '595 Reissue were unpatentable based on the prior art cited by Avotec. The Patent Office determined that all structural elements of the '595 Reissue are found in the prior art previously cited by Avotec.

37.    During the Reexamination, the Counterclaim Defendant and his representative argued to the Patent Office that the independent claims were distinguishable based on a functional distinction that the Patent Office could not readily identify in the E-A-RLink prior art used in rejecting all claims of the '595 Reissue.

38.    The Counterclaim Defendant and his representatives did not disclose to the Patent Office, in violation of 37 C.F.R. § 1.56, that the claimed invention incorporates substantially the same E-A-RLink component as the ear insert, and that therefore no functional distinction exists between the claimed invention and the E-A-RLink prior art.

39.    Because there is no functional distinction between the E-A-RLink prior art cited by the Patent Office and the claimed invention, the same prior art references which rendered the '595 Reissue claims invalid also render the '595 Patent claims invalid under 35 U.S.C. §§ 102 and 103.

[D.E. 62 at 15].  Notably, the Examiner actually had the E-A-RLink reference in his hands and relied on it during the reexamination proceeding, so as discussed below, there cannot be any inequitable conduct.

Furthermore, all of these inequitable conduct allegations are nothing more than conclusory statements and fail to meet the *Twombly-Iqbal* pleading standard. *Ashcroft v Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2009).  There are no facts alleged that plausibly show that Counterclaim Defendant or his unidentified "representative" either intended to deceive the Patent Office, had any knowledge that any alleged prior art was material, or even a showing that any prior art was "but-for material" to any of the claims of the patent-in-suit.

Avotec's Third Affirmative Defense simply states that "[t]he claims of the '595 Patent are unenforceable for inequitable conduct, fraud on the Patent Office and/or unclean hands, as set forth more fully in the Counterclaims below."  [D.E. 62 at 6].  At a minimum, this defense is redundant and should be struck pursuant to Federal Rule 12(f).

7

### III.    LEGAL STANDARDS

#### A.    The Standard For Dismissal Under Rule 12(b)(6).

A counterclaim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Since dismissal of a claim under Rule 12(b)(6) is a matter of procedure, Eleventh Circuit law applies to the procedural analysis.[1] *See Exergen Corp.*, 575 F.3d at 1318. First, in determining the sufficiency of a pleading, the court must "determine what [elements] must be pled for each cause of action." *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1325 (11th Cir. 2012) (citing *Iqbal*, 556 U.S. at 680). The Court should then identify all "well-pleaded" factual allegations in the complaint and, "assuming their veracity, determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 556 U.S. at 680).

To meet this "plausibility standard," a plaintiff must "plead [] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Bedwell v. Braztech Intl., L.C.*, No. 17-22335-CIV, 2017 WL 4810599, at *2 (S.D. Fla. Oct. 25, 2017) (citing *Twombly*, 550 U.S. at 557) ("It is factual content that gives a claim facial plausibility"). "[C]onclusory allegations and unwarranted deductions of fact are not admitted as true in a motion to dismiss." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 408 n.10 (11th Cir. 1996). The court should not also assume that a party can prove facts that were not alleged. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness*

---

[1] While Eleventh Circuit law applies to the procedural approach to the issue, as explained further below, Federal Circuit law applies as to whether a claim of inequitable conduct has been properly pled.

*Development Corp., S.A., et al.*, 711 F.2d 989, 995 (11th Cir. 1983). "[A] court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Although the standards for dismissal under Rule 12(b)(6) are a matter of Eleventh Circuit law, these standards ultimately look to the elements of the claim and then whether those elements are sufficiently alleged. Here, identifying the elements of an inequitable conduct claim and whether those elements have been sufficiently pleaded are matters of Federal Circuit law. *See Exergen*, 575 F.3d at 1326 (citing *C. Admixture Pharm. Services, Inc. v. Adv. Cardiac Sols., P.C.,* 482 F.3d 1347, 1356 (Fed. Cir. 2007)) ("Whether inequitable conduct has been adequately pleaded is a question of Federal Circuit law because it 'pertains to or is unique to patent law.'"). Inequitable conduct, as an allegation of fraud on the PTO, must be pleaded with particularity according to Rule 9(b). *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1344 (Fed. Cir. 2003). Thus the question of whether Avotec's Amended Counterclaims meet the standards for pleading inequitable conduct and sufficiently allege the substantive elements to state a claim for inequitable conduct depends on the Federal Circuit's inequitable conduct law, which is discussed in detail below.

For an affirmative defense based on inequitable conduct, Rule 12(f) allows the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Although the striking of an affirmative defense is generally disfavored by courts, a "defendant must allege some additional facts

supporting the affirmative defense." *Cano v. South Florida Donuts, Inc.*, No. 09-81248-CIV, 2010 WL 326052, at *1 (S.D. Fla. Jan. 21, 2010).  Affirmative defenses will be stricken if they fail to recite more than bare-bones conclusory allegations.  *See Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, No. 04-60861-CIV, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005).  An affirmative defense may also be stricken as redundant if it simply recites the same allegations as a counterclaim.  *See ParkerVision, Inc. v. Qualcomm Inc.*, 924 F. Supp. 2d 1314, 1321 (M.D. Fla. 2013) (striking inequitable conduct affirmative defenses as redundant pursuant to Federal Rule of Civil Procedure 12(f)(1) because they "are simply recitations of [the] inequitable conduct counterclaim.").

### B.      Inequitable Conduct Must be Pled With Particularity.

Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).  Under Federal Circuit law "inequitable conduct, while a broader concept than fraud, must be pled with particularity." *AAMP of Fla., Inc. v. Automotive Data Sols., Inc.*, 8:13-CV-2019-T-35TGW, 2014 WL 12620847, at *2 (M.D. Fla. Aug. 26, 2014) (quoting *Ferguson Beauregard*, 350 F.3d at 1344). The doctrine of inequitable conduct requires proof that: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." *Exergen*, 575 F.3d at 1327 n.3 (citing *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008)).

Intent and materiality are separate requirements, and "a court must weigh the evidence of intent to deceive independent of its analysis of materiality." *Therasense,* 649 F.3d at 1290.  As discussed below, *Exergen* sets forth strict pleading requirements with respect to both the materiality and intent prongs.

### 1. Inequitable Conduct Prong 1: "But-for" Materiality Must be Pled With Particularity Under Rule 9(b)

The materiality required to establish inequitable conduct is but-for materiality.  *Id.* at 1291.  "When an applicant fails to disclose prior art to the PTO, that prior art is but-for material if the PTO would not have allowed a claim had it been aware of the undisclosed prior art."  *Id.*

With respect to materiality, *Exergen* holds that "in pleading inequitable conduct in patent cases, Rule 9(b) requires identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen*, 575 F.3d at 1327.  To satisfy the "who" prong, the pleading must identify the specific individual or individuals who made the material misrepresentation or omission. *Id.* at 1329 (finding that a pleading that referred generally to "Exergen, its agents and/or attorneys," but failed to name the specific individual associated with the filing or prosecution of the application, was insufficient); *see also AAMP,* 2014 WL 12620847, at *4 ("ADS simply alleges that 'AAMP' committed inequitable conduct. This is insufficient as *Exergen* requires that the specific individual be identified."); *Mitsubishi Heavy Industries, Ltd. v. Gen. Elec. Co.*, 6:10-CV-812-ORL-28, 2012 WL 831525, at *2 (M.D. Fla. Mar. 12, 2012) (dismissing inequitable conduct counterclaim because it failed

11

to specify an individual or individuals responsible for making omissions and misrepresentations in the patent process).

The "what" and "where" of the material omissions requires that the pleading "identify which claims, and which limitations in those claims, the withheld references are relevant to, and where in those references the material information is found." *Exergen*, 575 F.3d at 1329; *see also Graphic Packaging Intern., Inc. v. C.W. Zumbiel Co.*, 3:10-CV-891-J-37JBT, 2011 WL 4862498, at *3 (M.D. Fla. Sept. 12, 2011).  To explain both "why" the withheld information is material and not cumulative, and "how" an examiner would have used this information in assessing the patentability of the claims, the pleading must "identify the particular claim limitations, or combination of claim limitations, that are supposedly absent from the information of record." *Exergen*, 575 F.3d at 1329–30; *see also Graphic Packaging Intern*, 2011 WL 4862498, at *3 (dismissing inequitable conduct counterclaim that failed to identify the particular claim limitations or combination of limitations absent from the record).

Importantly, a reference cannot be "but-for material" if it was disclosed to the PTO in time for the examiner to consider it.  This is because "[o]ne cannot assume that a PTO examiner is an ignorant rube who is easily misled by attorney argument, hyperbole, or understatement." *ParkerVision*, 924 F. Supp. 2d at 1319 (dismissing inequitable conduct counterclaims because the reference in question was not "but-for" material since the PTO received it before issuing the patent); *see also Young v. Lumenis, Inc.,* 492 F.3d 1336, 1349 (Fed. Cir. 2007) ("[W]e cannot agree that there was inequitable conduct resulting from the 'failure to disclose material information' when that information was

12

disclosed to the PTO in time for the examiner to consider it.  The essence of the duty of

disclosure is to get relevant information before an examiner in time for him to act on it,

and that did occur here."); *Litton Sys. Inc. v. Honeywell, Inc.,* 87 F.3d 1559, 1571 (Fed.

Cir. 1996), *vacated on other grounds*, *Honeywell, Inc. v. Litton Sys., Inc.,* 520 U.S. 1111

(1997) (concluding that no inequitable conduct occurred even though patentee had

intentionally withheld a reference because that reference was ultimately considered by

the PTO examiner).

### 2   Inequitable Conduct Prong 2: Specific Intent Must be Supported by Sufficient Allegations of Underlying Facts

With respect to intent, *Exergen* holds that "although 'knowledge' and 'intent' may

be averred generally, a pleading of inequitable conduct under Rule 9(b) must include

sufficient allegations of underlying facts from which a court may reasonably infer that a

specific individual (1) knew of the withheld material information or of the falsity of the

material misrepresentation, and (2) withheld or misrepresented this information with a

specific intent to deceive the PTO."  *Exergen*, 575 F.3d at 1328-29.  "A reasonable

inference is one that is plausible and that flows logically from the facts alleged, including

any objective indications of candor and good faith."  *Id.* at 1329 n.5.

"It is not knowledge of a reference but rather <u>knowledge of the material

information in the reference that must be averred</u>."  *Graphic Packaging Intern.*, 2011 WL

4862498, at *3 (emphasis in original).  Because a "reference may be many pages long,

and its various teachings may be relevant to different applications for different reasons,"

the Court "cannot assume that an individual, who generally knew that a reference existed,

also knew of the specific material <u>information</u> contained in that reference." *Exergen*, 575 F.3d at 1330 (emphasis in original).  Rather, the evidence on the record must demonstrate a reasonable inference of a <u>specific</u> intent to deceive.  *See U. of Fla. Research Found., Inc. v. Motorola Mobility, LLC*, 13-CV-61120-KMM, 2013 WL 12043501, at \*4 & \*4 n.3 (S.D. Fla. Dec. 11, 2013) (denying motion to amend inequitable conduct counterclaim where defendant's argument as to intent was "largely conclusory" and the evidence on record did not demonstrate a reasonable inference of a specific intent to deceive).  Courts typically find no intent to deceive in situations in which there was an omission but no active misrepresentation.  *See id.* at \*4 (citing cases).

In its Amended Counterclaims, Avotec fails to provide the who, what, when, where and how as required by *Exergen,* and does not properly plead that anyone intended to deceive the PTO.  In addition, all of the references that Avotec relies on were before the Patent Office during the reexamination proceeding.  Avotec merely provides conclusory statements, not specific facts, which also fails to meet the United States Supreme Court's *Twombly-Iqbal* pleading standard.

## IV.   ARGUMENT

### A.   The Court Should Dismiss Avotec's Inequitable Conduct Allegations

The four inequitable conduct claims in Count III of Avotec's Amended Counterclaims should be dismissed because each allegation fails to state a claim for inequitable conduct.  In particular, each allegation fails to set forth specific facts that give rise to a reasonable inference that any specific individual involved in the prosecution of the patent-in-suit knew of any supposedly material information that was not provided to

the Patent Office.  The allegations further fail to set forth any facts that any individual made a deliberate decision to withhold material information from the Patent Office with an intent to deceive the Patent Office.  In addition, Avotec has failed to adequately plead which claims or claim limitations are implicated by a particular reference, where in the reference the material information appears, and how the Examiner would have used that information to reject the claims.

### 1.      The E-A-RLink Prior Art

Avotec's new inequitable conduct allegations appear in paragraphs 36-39 of its Amended Counterclaims. [D.E. 62].  There, Avotec alleges that the E-A-RLink prior art, which the Patent Office had a copy of, analyzed and specifically relied on during the reexamination, is the basis of its new claims.  *Id.; see also* Exhibit 3 (Notice of Intent to Issue *Ex Parte* Reexamination Certificate).  Avotec argues that Counterclaim Defendant and an unidentified "representative did not disclose to the Patent Office, in violation of 37 C.F.R. §1.56, that the claimed invention incorporates substantially the same E-A-RLink component as the ear insert."  [D.E. 62, ¶38].  If the Patent Office thought that was true and that it was at all material, the Examiner could have easily compared the figures in the E-A-RLink instruction manual [Exhibit 4] with the claims of the patent-in-suit. Rather than providing facts, Avotec then concludes in violation of the *Twombly-Iqbal* pleading standard, that "therefore no functional distinction exists between the claimed invention and the E-A-RLink prior art." [D.E. 62, ¶38].

Relying on its next conclusory statement that "[b]ecause there is no functional distinction between the E-A-RLink prior art cited by the Patent Office and the claimed

invention," Avotec again concludes that "the same prior art references which rendered the '595 Reissue claims invalid also render the '595 Patent Claims invalid under 35 U.S.C. §§ 102 and 103." [D.E. 62, ¶ 39]. Avotec relies on this conclusory statement despite the fact that the Patent Office said the exact opposite in its Notice of Intent to Issue Reexamination Certificate. [Exhibit 3]. Avotec, then simply states in a conclusory fashion that "Counterclaim Defendant's misconduct was, but for material to the re-issuance of the '595 Patent" without identifying any patent claims or providing any facts regarding why that is so. [D.E. 62, ¶ 40].

As an initial matter, there can be no inequitable conduct based on failure to disclose a reference that the Patent Office actually knows about. *See, e.g., Molins PLC v. Textron, Inc.,* 48 F. 3d 1172, 1184-85 (Fed. Cir. 1995) (finding no inequitable conduct with respect to references that the applicants failed to cite but the PTO found through its own search); *see also Young,* 492 F.3d at 1349 ("[W]e cannot agree that there was inequitable conduct resulting from the 'failure to disclose material information' when that information was disclosed to the PTO in time for the examiner to consider it. The essence of the duty of disclosure is to get relevant information before an examiner in time for him to act on it, and that did occur here."); *Litton,* 87 F.3d at 1571 (concluding that no inequitable conduct occurred even though patentee had intentionally withheld a reference because that reference was ultimately considered by the PTO examiner).

Here, Avotec's allegation is even weaker because Avotec admits that it cited the E-A-RLink prior art in its reexamination request, and the Patent Office considered it and allowed the claims anyway. [*See,* D.E. 62, ¶ 36 and Exhibit 3]. "One cannot assume that

16

a PTO examiner is an ignorant rube who is easily misled by attorney argument, hyperbole, or understatement." *ParkerVision,* 924 F. Supp. at 1319.  Avotec's problem is that it is not happy with the decision of the Patent Office, but that does not constitute inequitable conduct.

In addition, Avotec cannot establish "but-for" materiality because it does not provide sufficient facts to satisfy the who, what, when, where and how requirements for pleading inequitable conduct.  *See Exergen,* 575 F.3d at 1327, 1329-30; *AAMP,* 2014 WL 12620847, at *4; *Mitsubishi Heavy Industries,* 2012 WL 831525, at *2; *Graphic Packaging Intern.,* 2011 WL 4862498, at *3.

Avotec also fails to plausibly plead specific intent to deceive because it does not allege any specific facts to show that either Counterclaim Defendant or his unidentified "representative" either intended to make any misrepresentations to the Patent Office, or even knew that the E-A-RLink prior art contained the unidentified "functional distinction" that Avotec alleges in paragraph 38 of its Amended Counterclaims. [D.E. 62].  Where a pleading "does not allege facts that would support a reasonable inference that a relevant individual knew of the allegedly material information," then the allegations of inequitable conduct are deficient.  *Exergen,* 575 F. 3d at 1330.  "The mere possibility that material information may exist will not suffice to give rise to a duty to inquire …." *Id.* (quoting *Brasseler, U.S.A. I., L.P. v. Stryker Sales Corp.,* 267 F.3d 1370, 1382 (Fed. Cir. 2001)).  Likewise, if the "pleading does not contain specific factual allegations to show that the individual … knew of the specific information that is alleged to be material … and then decided to deliberately withhold it from the relevant

17

examiner," a district court is correct to not "draw any permissive inference of deceptive intent … lest inequitable conduct devolve into 'a magic incantation to be asserted against every patentee' and its 'allegation established upon a mere showing that art or information having some degree of materiality was not disclosed.'" *Id.* at 1331.

It is clear that Avotec's new inequitable conduct claims are baseless and were included in its latest pleading to re-open written discovery. They should be dismissed.

## 2.     The '487 Patent, '679 Patent and Silent Scan System

In Defendant's original Amended Answer and Counterclaims, Avotec alleged that Plaintiff committed inequitable conduct by failing to disclose U.S. Patent No. RE 29,487 ("the '487 Patent"), U.S. Patent No. 4,677,679 ("the '679 Patent"), and Avotec's Silent Scan system. [D.E. 15, Counterclaims ¶¶ 33-35].  Despite having completed written discovery and document production in connection with these claims, Avotec provides virtually the identical allegations in its Amended Counterclaims.  [D.E. 62, ¶¶ 33-35]. Although Plaintiff did not move to dismiss these claims earlier in the case, they suffer from the same deficiencies discussed above and should be dismissed now.

Like the E-A-RLink reference, the '487 Patent, the '679 Patent, and the Avotec Silent Scan brochure were all before the examiner during the latest reexamination proceeding. [D.E. 34-5, at p. 4]. Although the '487 and '679 Patents were relied on by the Examiner to support a new question of patentability, the Avotec Silent Scan brochure was not even material enough to be considered by the PTO.  [D.E. 34-5 at p. 4 and n. 1].

As with the E-A-RLink reference, Avotec makes no effort to provide the who, what, when, where and how requirements of the inequitable conduct defense.  Therefore,

there can be no "but-for" materiality.  *See Exergen,* 575 F.3d at 1327, 1329-30; *AAMP,* 2014 WL 12620847, at *4; *Mitsubishi Heavy Industries,* 2012 WL 831525, at *2; *Graphic Packaging Intern.,* 2011 WL 4862498, at *3.

Similarly, nowhere in Avotec's claims of inequitable conduct for these references are there any facts that Counterclaim Defendant knew of this purported prior art or of its alleged materiality during the original prosecution or earlier reexamination proceeding. Therefore, these claims are deficient and should be dismissed.  *Exergen,* 575 F.3d at 1328-30; *Graphic Packaging Intern.*, 2011 WL 4862498, at *3.

In addition, Avotec's inequitable conduct allegations do not contain any specific facts that Counterclaim Defendant not only knew of the specific information that is alleged to be material but also that he deliberately withheld these references from the relevant examiner with an intent to deceive the PTO. This failure on the part of Avotec also requires dismissal of these claims.  *Exergen,* 575 F. 3d at 1331; *U. of Fla. Research Found.,* 2013 WL 12043501, at *4 & *4 n.3.

Avotec's allegations in Count III of its Amended Counterclaims cannot possibly state a claim for relief under the applicable law and should be dismissed.

> **B.    The Court Should Strike Avotec's Third Affirmative Defense That The Patent-In-Suit Is Unenforceable For Inequitable Conduct**

Avotec's Third Affirmative Defense also relies on the exact same allegations of inequitable conduct as Count III of its Amended Counterclaims.  Where an inequitable conduct affirmative defense is simply a recitation of an inequitable conduct counterclaim, it should be struck as being redundant. *ParkerVision,* 924 F. Supp. at 1321;  *see also*, *Cano*, 2010 WL 326052, at *1; *Merrill Lynch,* 2005 WL 975773, at *11.

As explained in detail above, Avotec's Counterclaims of inequitable conduct should be dismissed because they fail to meet the Supreme Court's, the Federal Circuit's and this Court's requirements for pleading inequitable conduct. For the same reasons, and because it is redundant, Avotec's affirmative defense of inequitable conduct should be stricken.

## V.    CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court dismiss Avotec's inequitable conduct Counterclaims and strike Avotec's inequitable conduct affirmative defense.

Dated:  7/16/2018                           Respectfully submitted,

By: s/William R. Trueba, Jr.
William R. Trueba, Jr.
Florida Bar No.  117544
wtrueba@lex188.com
Roberto M. Suarez
Florida Bar No. 95762
rsuarez@lex188.com
Trueba & Suárez, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826

Edmond R. Bannon (*admitted pro hac vice*)
bannon@fr.com
Fish & Richardson P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Attorneys for Plaintiff
Wayne Lederer

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2018, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on

the attached Service List in the manner specified, either via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those

counsel or parties who are not authorized to receive electronically Notices of Electronic

Filing.


                                         By:  s/William R. Trueba, Jr.
                                              William R. Trueba, Jr.
                                              Florida Bar # 117544

## SERVICE LIST
*Wayne Lederer v. Avotec, Inc.*
CASE NO.:  2:18-cv-14160-RLR
United States District Court for the Southern District of Florida

Edmond Bannon, Esq.
bannon@fr.com
Fish & Richardson P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022
Telephone: (212) 765-5070
Facsimile: (212) 258-2291
**Via CM/ECF**

William R. Trueba, Jr.
Florida Bar No.  117544
wtrueba@lex188.com
Trueba & Suárez, PLLC
9150 S. Dadeland Blvd., Suite 1008
Miami, Florida 33156
Telephone: (305) 482-1001
Facsimile: (786) 516-2826
*Attorneys for Plaintiff*
**Via CM/ECF**

Andrew D. Lockton
Florida Bar No.  115519
alockton@mchaleslavin.com
Edward F. McHale
Florida Bar No. 190300
E-mail:  litigation@mchaleslavin.com
McHale & Slavin, P.A.
2855 PGA Boulevard
Palm Beach Gardens, FL  33410
Telephone:  (561) 625-6575
Facsimile:  (561) 625-6572
*Attorneys for Defendant*
**Via CM/ECF**